**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MELVIN WOODSON**                                                             **PLAINTIFF**

**VS.**                                          **3:08-CV-00112-WRW**

**WILLIAM D. JUSTICE**                                      **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Strike Plaintiff's Response to Defendant's Notice of Removal (Doc. No. 7). Although titled Response to Defendant's Notice of Removal,[1] I assume Plaintiff's "Response" is actually a Motion to Remand. In the Response, Plaintiff asserts that this court lacks jurisdiction because the Amended Complaint limited the amount in controversy to $60,000. On August 19, 2008, Plaintiff filed "Objections to the Notice of Removal," which I have interpreted as a response to the Motion to Strike.[2]

Plaintiff's June 30, 2008 Complaint, filed in the Circuit Court of Crittenden County, Arkansas, reads "Plaintiff prays for judgment . . . <u>in excess</u> of the amount necessary for jurisdiction in federal diversity of citizenship cases . . . ."[3] Defendant filed a Notice of Removal in federal court on July 28, 2008,[4] and in state court on July 30, 2008. On August 4, 2008, Plaintiff filed an Amended Complaint in state court, which attempted to limit the amount in controversy below the jurisdictional minimum.[5]

---

[1] Doc. No. 6.

[2] Doc. No. 9.

[3] Doc. No. 2 (emphasis added).

[4] Doc. No. 1.

[5] The Amended Complaint reads: "Plaintiff is therefore informed and believes that he is entitled to judgement versus the Defendant for damages in an amount to be determined by a jury at the trial of this case but which shall not exceed Sixty Thousand Dollars ($60,000)." See Doc. No. 6, Ex. A.

A court must review the record at the time of removal in order to determine whether federal jurisdiction exists.[6] Since removal under 1446(d) "is effected when the notice of removal is filed with the state court and at no other time,"[7] Plaintiff's amended complaint is of no consequence. Additionally, it is well-settled that a plaintiff's post-removal attempt to reduce the amount-in-controversy below the jurisdictional minimum will not affect federal jurisdiction.[8]

Based on the findings of fact and conclusions of law above, Defendant's Motion to Strike Plaintiff's Response to Defendant's Notice of Removal (Doc. No. 7) is GRANTED. To the extent that Plaintiff's pleadings constitute a Motion to Remand, the request is DENIED.

IT IS SO ORDERED this 25th day of August, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[6] *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 593-94 (8th Cir. 2001) (holding that "[n]ormally, removal jurisdiction is determined at the time of removal").

[7] *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996).

[8] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1956) (A "subsequent reduction of the amount claimed cannot oust the district court's jurisdiction."); *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971) (Holding that "[s]ubsequent events reducing the amount in controversy will not affect the jurisdiction of the court.").